Russell agt. Spear and Butler.

## SUPREME COURT.

### RUSSELL agt. SPEAR and BUTLER.

The plaintiff has no right to amend his complaint, by striking out the name of one or more parties, without leave of the court.

*Essex Special Term, July,* 1850. This is an action for the recovery of part of lot No. 32, in Legges patent, in the county of Essex. It was originally brought in the names of James Brown, David Russell and Solomon W. Russell. The defendants an-swered the original complaint, whereupon the plaintiffs, within twenty days thereafter, served an amended complaint, omitting the names of David Russell and James Brown, as plaintiffs. The defendants having omitted to answer the amended complaint, the plaintiff now moves for judgment for want of an answer.

From the affidavits in opposition, it appears that the defend-ants, on being served with the amended complaint, immediately gave notice that it would be disregarded, as it was between dif-ferent parties. Both the original and amended complaints were sworn to.

JONATHAN TARBELL, for the motion, contended that the plaintiff had a right by the Code (§ 172), to amend within twenty days.

BUTLER and HAVENS insisted that the plaintiff could not amend by striking out parties without leave of the court.

WILLARD, Justice.—The plaintiff in this case is not entitled to judgment, unless he had a right to amend his complaint by striking

out parties without leave of the court. As no such leave was either asked or given, the amended complaint was a nullity, which the defendants were at liberty to disregard, unless the plaintiff can show some authority for such an amendment as of course. The 172 section of the Code applies only to such amendments as will not create an action between other parties. It is substantially conformable to the former practice. There is no part of the Code which permits a plaintiff to change the parties in the cause without leave of the court (*see* § 122). The former practice did not allow a plaintiff in chancery to dismiss the bill as to a part of the complainants without leave of the court, especially in a bill sworn to, and after answer. Nor could the name of a lessor be struck out, except on motion, under the former practice (10 *J. R.* 368).

The plaintiff has been irregular and is not entitled to judgment. Indeed, on a proper motion, the amended complaint would perhaps be set aside.

The present motion must be denied with seven dollars costs.